# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| Anthony C. Smith,<br><br>　　　　　　　　　Plaintiff,<br>vs.<br><br>BAC Home Loans Servicing, LP et al.,<br><br>　　　　　　　　　Defendants. | CASE NO. 12cv00427-CAB (MDD)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS and DISMISSING THIS ACTION WITHOUT PREJUDICE TO REFILING ON OR BEFORE OCTOBER 23, 2012<br>[Doc. No. 3] |
|---|---|

**INTRODUCTION**

　　Defendants Banc of America, N.A., as successor by merger to BAC Home Loans Servicing, L.P.[1] ("BANA"), ReconTrust Company, N.A. ("ReconTrust") and Federal Home Loan Mortgage Corporation ("Freddie Mac") filed their Motion to Dismiss Plaintiff's Complaint on February 23, 2012. [Doc. No. 3.] The Motion was noticed for an April 6, 2012 hearing. Local Rule 7.1.e.2 required Plaintiff Anthony C. Smith, pro se, to file and serve his opposition, if any, to the Motion "not later than fourteen (14) *calendar* days prior to the noticed hearing." Thus, Plaintiff's opposition papers were due by March 23, 2012.

　　Plaintiff failed to file opposition papers by March 23, 2012, and to date, he has not filed any opposition to Defendants' Motion to Dismiss. Under Local Rule 7.1.f.3.c, a party who fails to file the required papers may be deemed to have consented to the granting of the motion. Accordingly, on

---

[1]　　BAC Home Loans Servicing, L.P. ("BAC") was the successor to Plaintiff's lender, Countrywide Bank FSB.

April 2, 2012, Defendants filed a Notice of Plaintiff's Failure to Oppose Motion to Dismiss Plaintiff's Complaint. [Doc. No. 4.]

That Plaintiff is proceeding pro se in this action does not excuse his failure to follow the rules of procedure that govern other litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Carter v. Commissioner*, 784 F.2d 1006, 1008 (9th Cir.1986) ("Although pro se, he is expected to abide by the rules of the court in which he litigates."). As a sanction, district courts may dismiss actions for failure to comply with pretrial procedures mandated by local rules. *Thompson v. Housing Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir.), cert. denied, 479 U.S. 829 (1986). "However, because dismissal is such a severe remedy, we have allowed its imposition in these circumstances only after requiring the district court to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Id*. Having weighed these factors, the Court finds that dismissal is warranted under the present circumstances.

Further, dismissal is also warranted pursuant to Fed. R. Civ. P. 12(b)(6) for the reasons stated below, including Plaintiff's failure to satisfy Federal Rule of Civil Procedure 8. Thus, the Complaint is **DISMISSED WITHOUT PREJUDICE** to amending on or before **October 23, 2012**. Should Plaintiff choose to amend, he must provide factual allegations for each element for each of his claims, and must specify to which defendant each of his claims apply and why. Failure to file an amended complaint on or before October 23, 2012 will result in a dismissal of this action **with prejudice**.

**FACTUAL BACKGROUND**

The facts set forth herein are taken from the Complaint or from judicially noticeable documents incorporated in the Complaint and are accepted as true for purposes of this procedural juncture only. Certain legal conclusions of Plaintiff are set forth below for context, but are not accepted as true as they lack sufficient factual support.

In December 2007, Plaintiff obtained a $253,500 home loan from Countrywide Bank FSB in

order to purchase property located in San Diego, CA.[2] [Compl., Doc. No. 1 at ¶¶6, 11, 14; Doc. No. 1, Ex. A at 21 & 32.][3] Countrywide, or its successor, acted as the loan servicer, and the service of the loan was in whole or in part transferred to DOES 1 through 50. [¶¶1, 10.] The Deed of Trust named ReconTrust as the Trustee and Mortgage Electronic Registration systems, Inc. ("MERS") as the nominee and beneficiary of the Deed of Trust. [¶11; Doc. No. 1, Ex. A at 21.]

On July 1, 2009, ReconTrust, on behalf of MERS, caused a "Notice of Default and of Election to Sell Under Deed of Trust" to be recorded with the San Diego County Recorder's Office. [¶15; Doc. No. 1, Ex. B at 37-39.] The Notice of Default stated that, as of June 29, 2009, Plaintiff may be able to bring his account into good standing by timely making "past due payments plus permitted costs and expenses," that "[t]his amount is $7,504.29, as of 06/29/2009," and that "[u]pon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay." [*Id.*][4] The Notice of Default directs such written requests to MERS, "C/O BAC Home Loans Servicing, LP." [Doc. No. 1, Ex. B at 38.] At some unpled point in time and directed to some unpled person or entity, Plaintiff alleges that he "on more than one occasion requested validation of the 'debt'" owed. [¶¶21, 40.] And, again at some unpled point in time, Defendants somehow collectively "refused and continued to refuse to validate or otherwise make a full accounting and the required disclosures as to the true finance charges and fees." [¶¶21, 40-41.]

The Notice of Default stated that "no sale date may be set until three months" from July 1, 2009. [Doc. No. 1, Ex. B at 37.] Finally, although misquoted in ¶17 of the Complaint, the Notice of Default further stated:

> That by reason thereof, the present beneficiary under such deed of trust has executed and delivered to RECONTRUST COMPANY, N.A. such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums

---

[2] Countrywide later became known as BAC Home Loans Servicing, L.P. ("BAC"). However, as BANA is the successor by merger to BAC, BANA is a defendant in this action.

[3] All page references are to the ECF pagination. All paragraph (¶) references are to the Complaint, Doc. No. 1.

[4] Plaintiff alleges that Exhibit B to the Complaint states that payments were due to US Bank Home Mortgage, as successor in interest by merger for Downey Savings and Loans Association, F.A.; as Beneficiary. [¶15.] This allegation cannot be taken as true for pleading purposes because it not supported by the content of Exhibit B. Any amended complaint filed should delete, correct or clarify the factual errors or inconsistencies identified by the Court.

>secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

[Doc. No. 1, Ex. B at 38.]

The Notice of Default contains a declaration signed by one of BAC's collectors, stating that BAC "contacted the borrower to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." [*Id.* at 39.] Plaintiff alleges that "[n]one of the Defendants assessed Plaintiff's financial situation correctly or in good faith prior to filing the Notices of Default. [¶69.] Plaintiff also suggests that the declaration signed by one of BAC's agents is fraudulent because BAC "was not in existence at the time of the declaration." [*Id.*]

Also on July 1, 2009, Defendants BAC and ReconTrust each represented to Plaintiff that "BAC Home Loan Servicing, was the beneficiary under the Deed of Trust." [¶¶56, 58.][5] Plaintiff alleges (without providing sufficient factual support) that these representations were false and that BAC did not pay any consideration for the loan. [¶55, 58-59.]

Plaintiff alleges that at some point prior to the conclusion of the foreclosure proceedings, ***non***-parties Wells Fargo and Home Mortgage had orally agreed not to go forward with the foreclosure proceedings. [¶66.] Plaintiff then alleges that somehow and at some unpled point in time "Defendants agreed to postpone any sale if Plaintiff applied for a modification of the Loan and even took agreed-upon monthly payments as consideration for such agreement." [¶67.] Plaintiff does not allege when or whether he ever made such a loan modification application, but just that Defendants somehow collectively "fail[ed] to review the financial information of Plaintiff and negotiate a loan modification with Plaintiff in good faith." [¶68.] Plaintiff pleads that, as a result, Defendants BAC, ReconTrust and DOES 1 through 50 refused to modify the loan by proceeding with the foreclosure. [¶¶66-67.]

A trustee's sale of Plaintiff's property occurred on November 28, 2011, at which time the

---

[5] Plaintiff also alleges that this statement was on the Deed of Trust in 2007, but this allegation is contradicted by plain language of the Deed of Trust that Plaintiff attached to the Complaint. [*Compare* ¶57 *with* Doc. No. 1, Ex. B at 22.] The Deed of Trust states: "The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS." [Doc. No. 1, Ex. B at 22.] The court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir.2008).

property reverted back to the beneficiary. [Doc. No. 3-2 ("RJN"), Exs. 8-9.][6] Plaintiff alleges that, at the time of the sale, Defendants BAC and DOES 1 through 50 did not own his loan as a result of a prior sale or transfer of the loan to investors. [¶64.][7] Plaintiff further alleges that his home loan with Countrywide was "invalid" due to the following alleged procedural deficiencies with the loan itself and the foreclosure process: (1) he was not provided with two copies of the "Notice to Cancel;" (2) the Notice of Default as was never mailed and did not satisfy the requirements of California Civil Code § 2923.5; (3) the sale date for the property was not properly set; and (4) the Notice of Sale was not communicated to Plaintiff, published twenty days prior to the date set for the sale, nor was it properly recorded. [¶¶18, 66-67, 69.]

Based on these factual allegations, the Complaint seeks relief under nine causes of action, each applied to all defendants: (1) Violations of 15 U.S.C. §1611 et seq. (Truth in Lending Act); (2) Violations of 26 U.S.C. §2605 et seq. (Real Estate Settlement Procedures Act); (3) Violations of 15 U.S.C. §1602 et seq. (Home Ownership and Equity Protection Act); (4) Violations of 15 U.S.C. §1692 (Fair Debt Collection Practices Act); (5) Breach of Fiduciary Duty; (6) Breach of Covenant of Good Faith and Fair Dealing; (7) Fraud; (8) Wrongful Foreclosure; and (9) Cancellation of Instruments.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

---

[6] Defendants' requests for judicial notice are granted. Prior to the sale, on November 14, 2011, BANA, as successor by merger to BAC, caused to be recorded and assignment of the deed of trust, under which BANA assigned its interest under the deed of trust to Freddie Mac. [RJN, Ex. 8.]

[7] Plaintiff also has allegations regarding a company named First American, which appear to be irrelevant to the claims as First American is not a defendant and not listed on the documents attached to the Complaint. [*See* ¶64.] Any amended complaint filed should remove or explain these allegations.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the collective facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.*

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). However, the court's liberal interpretation of a pro se litigant's pleading may not supply essential elements of a claim that are not plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

In ruling on a motion to dismiss, a court may take judicial notice of matters of public record that are not subject to reasonable dispute. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

**LEGAL ANALYSIS**

**1.     The Complaint Fails to Satisfy Federal Rule of Civil Procedure 8**

Here, the Complaint [Doc. No. 1] is DISMISSED pursuant to Federal Rule of Civil Procedure 8 as Plaintiff fails to plead a coherent set of facts for the Court to find that his claims are plausible on their face. While Plaintiff sets forth which laws he believes Defendants violated, at critical points in the time-line of the Complaint, he fails to explain ***which*** defendant allegedly did what, when those allegedly unlawful actions or inactions occurred with respect to each defendant and why those actions or inactions are deficient or unlawful. Read generously and viewed collectively, Plaintiff's allegations do not rise above, as they must, "an unadorned, the-defendant[s]-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

For example, Plaintiff alleges that the foreclosure of his home was wrongful based on empty legal conclusions and incomplete facts. In support, Plaintiff alleges that at some point prior to the conclusion of the foreclosure proceedings, non-parties Wells Fargo and Home Mortgage had orally agreed not to go forward with the foreclosure proceedings. [¶66.] Yet, Plaintiff provides no facts connecting this agreement to any of the named defendants. Plaintiff does not plead what role or authority, if any, Wells Fargo and Home Mortgage had with respect to his home loan or the foreclosure proceedings. Nor does he provide facts explaining when, why or how such an oral agreement came about with those particular entities.

Plaintiff alleges that BAC and DOES 1 through 50 breached their obligation to modify the loan. But he does not allege whether, when, how or to whom he ever made such a loan modification application. He merely concludes that Defendants somehow collectively "fail[ed] to review the financial information of Plaintiff and negotiate a loan modification with Plaintiff in good faith." [¶68.] Any amended complaint must present the Court with a coherent chronology of facts that are sufficiently detailed to cure the deficiencies identified herein.

## 2.      The Tender Requirement Defeats Claims 1, 8 and 9

Defendants argue that Plaintiff's failure to tender the amount of the indebtedness undermines all his claims. [Doc. No. 3 at 5.] Based on the incomplete set of facts currently alleged in the Complaint, the Court agrees with respect to Claim 1 (Truth in Lending Act), Claim 8 (Wrongful Foreclosure), and Claim 9 (Cancellation of Instruments) only.

"[W]here foreclosure has already occurred an action to reverse the foreclosure must be predicated on a credible tender of the amount of the secured debt." *Carrasco v. HSBC Bank USA, N.A.,* No. 11cv2711, 2012 WL 685523, at *4 (N.D. Cal. Mar. 2, 2012). Here, the foreclosure has already occurred by virtue of the November 28, 2011 sale to Freddie Mac. [RJN, Exs. 8-9.] Reading Plaintiff's allegations liberally, at some unpled point in time, Plaintiff requested and was refused a full accounting of his past due payments plus permitted costs and expenses. [*See* ¶¶21, 40.] However, Plaintiff failed to specify to whom he made his requests to verify the debt owed, the general timing or date(s) on which he claims he asked for verification of the debt, how he asked for verification of the debt, whether, when, how and from whom he received a response, and otherwise failed to provide

any detail regarding the nature of his requests or explain why the responses he received inadequately addressed his concerns. Thus, the facts pled are so lacking that they do not give rise to an plausible inference that a credible tender occurred or that facts exist that justify its nonoccurrence.

In any amended complaint, Plaintiff should withdraw Claims 1, 8 and 9, or add facts showing: (1) a credible, present ability to tender the full loan proceeds owed; or (2) why tender should not be required at this stage of the litigation and whether Plaintiff would be able to tender the full loan proceeds within a reasonable period of time.

**3.  Plaintiff's Claim 1 Under the Truth in Lending Act ("TILA")**

An action under TILA for damages must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. §1640(e). The pertinent date for this analysis is the closing date. *See King v. California*, 784 F.2d 910, 915 (Cir. 1986). Here, Plaintiff's loan closed on December 10, 2007. Plaintiff filed this lawsuit in December of 2011, outside the one year statute of limitations period. As a result, Plaintiff's Claim 1 under TILA is dismissed for the additional reason that it is time-barred.[8] Therefore, any amended complaint should withdraw this claim, or plead facts showing the existence of a TILA violation, when Plaintiff discovered those facts underlying the TILA violation and why he could not have discovered those facts sooner.

**4.  Judicial Estoppel**

Defendants argue that the doctrine of judicial estoppel should bar Plaintiff's claims. [Doc. No. 3-1 at 7-9.] The Court declines to dismiss the Complaint on judicial estoppel grounds at this time. Should Plaintiff choose to amend the Complaint, Plaintiff must include factual allegations as to whether and why he failed to disclose his claims in this case as part of his bankruptcy schedules. [*See* RJN, Ex. 6.]

---

[8] To the extent Plaintiff is seeking rescission under TILA, he is time-barred unless he can plead facts showing, among other things, that he rescinded within the three-year statute of limitations for that remedy. That Defendants may have failed to make the required disclosures under TILA does not extend the three-year time requirement. Indeed, "[t]he 3-year period of § 1635(f) . . . is not a statute of limitation . . . . it operates, with the lapse of time, to extinguish the right of rescission." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 410-11 (1998). Thus, any defendant's failure to make the required disclosures is not grounds for providing Plaintiff with additional time to rescind because § 1635(f) "extinguish[es] completely the right of recession at the end of the 3-year period." *Id*.

**5.   Plaintiff's Claim 2 for RESPA Violations is Time-Barred**

Defendants contend, and Plaintiff's current allegations do not raise a dispute, that Plaintiff's RESPA claims are barred by both the one-year and three-year statute of limitations in 12 U.S.C. § 2614. Plaintiff's RESPA claim arises from the loan origination, which occurred on December 10, 2007. Therefore, depending on the RESPA violations asserted, the statute of limitations expired on either December 10, 2008 and December 10, 2010. Plaintiff filed the Complaint in December 2011, and he has not alleged "facts showing that the alleged violations could not have been discovered by a reasonable plaintiff within the limitations period." *Lyman v. Loan Correspondents Inc.*, No. 09-56958, 2012 WL 690475, *1 (9th Cir. Mar. 5, 2012). Accordingly, Plaintiff's RESPA claim is time-barred and Defendants' request for dismissal of the RESPA claim is GRANTED. Any amended complaint filed must either withdraw the RESPA claim, or allege facts supporting the elements of a RESPA claim and demonstrating why Plaintiff could not have discovered each of the alleged RESPA violation prior to the expiration of its statute of limitations.

**6.   Plaintiff's Claim 3 Under the Home Ownership and Equity Protection Act of 1994 ("HOEPA")**

As Defendants correctly argue, Plaintiff's Claim 3 under HOEPA is dismissed as Plaintiff fails to allege that the loan at issue triggers the special disclosures required under the federal HOEPA rules. Plaintiff also fails to specify which loan terms he believes violate HOEPA and why. Any amended complaint filed must correct these deficiencies or withdraw this claim.

**7.   Plaintiff's Claim 4 for Fair Debt Collection Practices Act is Time-Barred**

The statute of limitations on FDCPA claims is one year. 15 U.S.C. § 1692k(d). Plaintiffs filed suit on December 19, 2011, and there are no allegations within one year of that date. Indeed, while Plaintiff complains that he requested and did not receive a validation of his debt, he provides no facts with respect to time (or other details) regarding those purported requests. [¶¶40-41.]

Defendants submitted the final notice of trustee's sale, which was recorded on November 4, 2011. [RJN, Ex. 7.] Thus, the final notice is the only possible basis in the record for liability under the FDCPA.

Sending a notice of trustee's sale is not actionable under the FDCPA for two reasons. First, Plaintiff has not sufficiently alleged that Defendants are debt collectors. The FDCPA defines a debt

1  collector as "any person . . . who regularly collects or attempts to collect . . . debts owed or due or
2  asserted to be owed or due another." 15 U.S.C. § 1692a(6). A debt collector does not include the
3  consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was
4  not in default at the time it was assigned. *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th
5  Cir.1985). Second, Plaintiff has not sufficiently alleged that debt collection is at issue. FDCPA claims
6  cannot be based upon the lender enforcing its security interest under the subject deed of trust in the
7  ordinary course of foreclosure because "foreclosing on [a] property pursuant to a deed of trust is not
8  the collection of a debt within the meaning of the FDCPA." *Izenberg v. ETS Servs., LLC*, 589 F. Supp.
9  2d 1193, 1199 (C.D. Cal. 2008) (citing *Ines v. Countrywide Home Loans*, No. 08cv1267 -WQH, 2008
10 WL 4791863, *2 (S.D. Cal. Nov. 3, 2008)); *see also Walker v. Equity 1 Lenders Group*, No. 09cv325-
11 WQH, 2009 WL 1364430, *7 (S.D. Cal. May 14, 2009). There are no allegations that Defendants
12 attempted to collect debt in a manner outside of the normal scope of foreclosure proceedings**.**

13        Therefore, any amended complaint should either withdraw this claim, or add facts to show: (1)
14 why Plaintiff could not have learned about the alleged FDCPA violations within the statute of
15 limitations period; and (2) what each defendant did that allegedly violates the FDCPA, *i.e.*, what each
16 did to attempt to collect a debt outside the normal scope of foreclosure.

17 **8.     Plaintiff's Claim 5 for Breach of Fiduciary Duty**

18        Plaintiff's Claim 5 alleges Defendants breached a fiduciary duty to Plaintiff. As to Defendant
19 BANA, this claim appears to be based on the original loan. However, the relationship between a
20 lending institution and a borrower is not fiduciary in nature. *Nymark v. Heart Federal Sav. & Loan*
21 *Ass'n*, 231 Cal. App. 3d 1089, 1092 n.1 (1991); *Price v. Wells Fargo Bank*, 213 Cal. App. 3d 465,
22 476-478 (1989). A fiduciary relationship arises only where the lender takes on a special relationship
23 with the borrower, and Plaintiffs fails to allege a special relationship. Accordingly, the Court grants
24 the motion to dismiss this claim. Therefore, any amended complaint should either withdraw this claim
25 or plead a special relationship – *i.e.*, facts showing what actions each defendant took to form a special
26 relationship with Plaintiff.

27 **9.     Plaintiff's Claim 6 for Breach of the Covenant of Good Faith and Fair Dealing**

28        Similarly, Plaintiff's Claim 6 fails to allege, among other things, a special relationship with

1  each defendant for purposes of maintaining his Claim 6 for breach of the covenant of good faith and
2  fair dealing. *Pension Trust Fund for Operating Engineers v. Fed. Ins. Co.*, 307 F.3d 944, 955 (9th Cir.
3  2002) ("Generally, no cause of action for the tortious breach of the implied covenant of good faith and
4  fair dealing can arise unless the parties are in a 'special relationship' with 'fiduciary characteristics.'").
5  In addition, as Defendants argue, Plaintiff fails to identify the contract under which he brings this
6  claim and what facts support each element of his claim. Therefore, any amended complaint should
7  either withdraw this claim or plead facts curing these deficiencies.

**10.   Plaintiff's Claim 7 for Fraud**

Plaintiff's Claim 7 (Fraud) against all Defendants fails to satisfy Federal Rule of Civil Procedure 9(b)'s heightened pleading requirements. Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud." In other words, Rule 9(b) "does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764-765 (9th Cir.2007) (quoting *Haskin v. R.J. Reynolds Tobacco Co.*, 995 F. Supp. 1437, 1439 (M.D. Fla. 1998)).

The elements of a California fraud claim are: (1) misrepresentation (false representation, concealment or nondisclosure); (2) knowledge of the falsity (or "scienter"); (3) intent to deceive the plaintiff; (4) justifiable reliance by the plaintiff; and (5) resulting damage. *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996). Where as here, the claim for fraud is against corporations, a plaintiff must plead specific factual allegations for each element of his fraud claim, including "allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991).

The Complaint fails to satisfy the aforementioned requirements. It lacks facts to identify specific statements, who made statements, authority to make statements, and when statements were made. Plaintiff pleads that Defendants BAC and Recontrust, on July 1, 2009 and December 14, 2007, through the Deed of Trust each made the "representation that BAC Home Loan Serving, was the

beneficiary under the Deed of Trust." [¶¶56-58.]  These allegations do not sufficiently plead fraud.  Therefore, any amended complaint should withdraw this claim or amend to plead specific facts that show each element of fraud with respect to each defendant.

### CONCLUSION

Defendants' Motion to Dismiss [Doc. No. 3] is **GRANTED**.  This action is **DISMISSED WITHOUT PREJUDICE** to Plaintiff filing an amended complaint on or before **October 23, 2012** that complies with this Order.[9]  Should Plaintiff choose to amend, he must provide factual allegations for each element of each of his claims, and must specify to which defendant each of his claims apply and why.  Failure to file an amended complaint on or before October 23, 2012 will result in a dismissal of this action **with prejudice**.

DATED: October 4, 2012

_____
**CATHY ANN BENCIVENGO**
United States District Judge

---

[9] The Court expresses no opinion on any of Defendants' arguments that are not addressed herein.  They very well may constitute additional grounds for dismissal.  In any event, if Plaintiff chooses to amend, then he should review Defendants' motion to dismiss arguments to guide him in the process of drafting an amended complaint.